```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
------------------------------------X

Jack Argila, *et al.*,

        Plaintiffs,

  - against -

Mach Group, Inc.,

        Defendant.

------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

No. 22-cv-4374 (KAM) (MMH)

**KIYO A. MATSUMOTO, United States District Judge:**

    Jack Argila, the president of the Bricklayers and Allied Craftworkers Local Union No. 1 and trustee of several employee benefit funds who cover the union's workers, and the trustees of the Bricklayers and Trowel Trades International Pension Fund and the International Masonry Institute brought this action against Mach Group, Inc., for violating its contractual obligations to contribute to the funds and remit union dues and thereby also violating the Employee Retirement Income Security Act ("ERISA") and Labor Management Relations Act ("LMRA").  (ECF No. 1, Compl.)*  The plaintiffs now move the Court to enter a default judgment against Mach based on its failure to timely answer or otherwise respond to the Complaint.  (ECF No. 36, Notice of Mot.

---

* The plaintiffs also brought claims against several of Mach's general contractors and their sureties, who have settled.  (*See* ECF Nos. 12-13, 24, 32.)  The plaintiffs voluntarily dismissed their claims against Mach's President, Aazad Parajuli, due to his personal bankruptcy.  (ECF No. 35.)

Default J.) The Court referred the motion to Magistrate Judge Henry for a Report and Recommendation. (Order Referring Mot., Oct. 5, 2023.)

Magistrate Judge Henry has issued a thorough and well-reasoned Report and Recommendation to grant the motion in part and deny it in part. (ECF No. 42, R&R, 2024 WL 1007012 (E.D.N.Y. Mar. 8, 2024).) Specifically, Magistrate Judge Henry recommended granting the motion with respect to Mach's liability and the plaintiffs' requests for audit costs, attorney fees, litigation costs, and post-judgment interest. (*Id.* at 26.) Magistrate Judge Henry recommended denying the motion without prejudice with respect to damages and pre-judgment interest. (*Id.*) The Report and Recommendation notified the parties of their right to file written objections within fourteen days from service via ECF and that failure to do so would operate as a waiver of such objections in this Court and on appeal. (*Id.* at 27.) The Clerk of Court mailed a copy of the Report and Recommendation to Mach at its last known business address by first class mail on March 8, 2024. The deadline to object has expired, and no party has filed any objections. (*Id.*)

In reviewing a report and recommendation, the district court may accept, reject, or modify its findings and recommendations in whole or in part. 28 U.S.C. § 636(b)(1)(C). If no timely objection is filed, the district court "need only

2

satisfy itself that there is no clear error on the face of the record." *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (quoting *Minto v. Molloy Coll.*, No. 16-cv-276 (KAM), 2021 WL 804386, at *1 (E.D.N.Y. Mar. 3, 2020)).

After a careful review of Magistrate Judge Henry's thorough, well-reasoned Report and Recommendation, the Court affirms and adopts the Report and Recommendation as the opinion of the Court with one modification. *See* 28 U.S.C. § 636(b)(1)(C). The Court agrees with Magistrate Judge Henry that the plaintiffs established Mach's liability under ERISA and LMRA by showing that Mach is an employer who failed its obligations under a collective bargaining agreement to make contributions to the funds and remit union dues. (*See* R&R at 9-12.) The Court further agrees that the plaintiffs have submitted adequate documentation supporting their request for audit costs and litigation costs. (*See id.* at 20-22, 25-26.) The Court also agrees that the plaintiffs are entitled to post-judgment interest at the federal statutory rate. (*See id.* at 26.) Finally, the Court agrees that erroneous or inadequately explained calculations in the plaintiffs' damages submission prevent the Court from awarding any damages or pre-judgment interest at this time. (*See id.* at 15-20.)

The Court respectfully modifies the Report and Recommendation to reduce the attorney fee award from $104,163 to

3

$41,665.20.  The Court agrees that the plaintiffs' hourly rates are reasonable given the rates at which other courts in this district have granted attorney fees in recent years.  (*See* R&R at 23-24); *Trs. of Local 7 Tile Indus. Welfare Fund v. Goal Enters., Inc.*, No. 20-cv-1958 (KAM) (RER), 2022 WL 17820088, at *7 (E.D.N.Y. July 6, 2022), *R&R adopted*, Order, Aug. 5, 2022. The Court further agrees that the plaintiffs' request for 451.4 hours' worth of fees greatly exceeds what courts typically consider reasonable in ERISA default judgment cases.  (*See id.* at 24-25); *Sullivan v. Champion Elec. Mech. Builders Corp.*, No. 18-cv-5618 (ENV) (RER), 2020 WL 9814085, at *9 (E.D.N.Y. Feb. 25, 2020) (noting $32,343 fee request for 149.9 hours of work was "extremely high" for an ERISA default judgment case), *R&R adopted*, Order, Mar. 21, 2020.  The plaintiffs' memorandum in support of their motion does not even attempt to argue that their requested fee is reasonable, nor does it cite a single case in which a court awarded a fee for anywhere near 451.4 hours of work pursuing a comparable ERISA default judgment in this district.  (*See* ECF No. 40, Pls.' Mem. Law Supp. Mot. Default J., at 17-20.)  The Court, for its part, has not found such a case.  To the contrary, courts in this district have found the range of hours reasonably spent litigating an ERISA default judgment case to be roughly twenty to thirty.  *See Annuity, Welfare & Apprenticeship Skill Improvement & Safety*

4

*Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D v. PETK, Inc.*, No. 22-cv-3559 (LDH) (LB), 2022 WL 19520880, at *7 (E.D.N.Y. Oct. 13, 2022) (collecting cases). Further, the plaintiffs apparently seek fees for *all* the work that was done on this case, including settling with Mach's general contractors and their sureties. *See Sullivan v. Prestige Stone & Pavers Corp.*, No. 16-cv-3348 (AT) (DF), 2020 WL 2859006, at *12-13 (S.D.N.Y. Feb. 4, 2020) (applying across-the-board reduction to requested attorney fee to ensure defendant was "not required to pay fees for work performed in connection with claims against, and a settlement with, another party"), *R&R adopted*, 2020 WL 1528117 (S.D.N.Y. Mar. 30, 2020). Moreover, the plaintiffs' calculation errors and failure to clearly explain their calculations also warrant reducing the number of hours for which the Court awards fees. *See Gesualdi v. Stallone Testing Labs., Inc.*, No. 10-cv-646 (ENV), 2011 WL 2940606, at *1 (E.D.N.Y. July 19, 2011). Accordingly, the Court finds an across-the-board reduction of sixty percent to the plaintiffs' claimed hours to be an appropriate way of trimming the fat from their request. *See Trs. of the Plumbers Local Union No. 1 401(k) Savings Plan v. Best Plumbing Heating & Cooling Inc.*, No. 14-cv-6848 (ARR) (JO), 2017 WL 1194459, at *8 (E.D.N.Y. Mar. 3, 2017) (applying across-the-board reduction of sixty percent to claimed hours in ERISA default judgment case), *R&R*

5

*adopted*, 2017 WL 1194731 (E.D.N.Y. Mar. 30, 2017); *LaBarbera v. Almar Plumbing & Heating Corp.*, No. 07-cv-4697 (DLI), 2008 WL 3887601, at *8 (E.D.N.Y. Aug. 20, 2008) (same).  That brings the fee award to $41,665.20 for 180.56 hours of work, which still remains far beyond what courts generally award in ERISA default judgment cases.

For the reasons above and based on the factual findings and legal conclusions set forth in the Report and Recommendation and adopted in this Order, the plaintiffs' motion for a default judgment is granted with respect to liability, audit costs, litigation costs, and post-judgment interest.  The motion is granted in part with respect to attorney fees; the Court awards the plaintiffs $41,665.20 in attorney fees.  The motion is denied without prejudice with respect to damages and pre-judgment interest.

The Court grants the plaintiffs leave to file a supplemental submission by April 24, 2024, rectifying the errors described in Magistrate Judge Henry's Report and Recommendation.  The plaintiffs shall carefully explain their calculations in a way that avoids any doubt about how the plaintiffs arrived at their ultimate requested sums.  The plaintiffs are further requested to serve a copy of this Order on Mach at 245 Correja Avenue, Iselin, New Jersey 08830.  The Clerk of Court is requested to refrain from preparing a judgment until the Court

6

addresses the plaintiffs' supplemental submission.

**SO ORDERED.**

Dated:    March 23, 2024
          Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York