United States District Court
Eastern District of New York

------------------------------------X

Jack Argila, *et al.*,

        Plaintiffs,              **Memorandum and Order**

  - against -                 No. 22-cv-4374 (KAM) (MMH)

Mach Group, Inc.,

        Defendant.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    Jack Argila, the president of the Bricklayers and Allied Craftworkers Local Union No. 1 and trustee of several employee benefit funds that cover the union's workers, and the trustees of the Bricklayers and Trowel Trades International Pension Fund and the International Masonry Institute brought this action against Mach Group, Inc., for violating its contractual obligations to contribute to the funds and remit union dues and thereby also violating the Employment Retirement Income Security Act ("ERISA") and Labor Management Relations Act ("LMRA"). (ECF No. 1, Compl.)*

    The plaintiffs moved the Court to enter a default judgment against Mach based on its failure to timely answer or otherwise

---

* The Court assumes familiarity with the factual and procedural background, set forth at length in Magistrate Judge Henry's Report and Recommendation on the plaintiffs' motion for a default judgment. *See Argila v. Mach Grp. Inc.*, No. 22-cr-4374 (KAM) (MMH), 2024 WL 1007012 (E.D.N.Y. Mar. 8, 2024).

respond to the Complaint.  (ECF No. 36, Notice Mot. Default J.) The Court then adopted Magistrate Judge Henry's Report and Recommendation to grant the motion in part and deny it in part while reducing the recommended attorney fee award. *Argila v. Mach Grp., Inc.*, No. 22-cr-4374 (KAM) (MMH), 2024 WL 1235611, at *2 (E.D.N.Y. Mar. 23, 2024).  Although the Court found that the plaintiffs established Mach's liability, the Court declined to enter a default judgment due to erroneous and inadequately explained calculations in the plaintiffs' damages submission. *Id.*  Instead, adopting Magistrate Judge Henry's recommendation, the Court granted the plaintiffs leave to file a supplemental submission rectifying the errors and explaining their calculations.  *Id.*

    Magistrate Judge Henry's Report and Recommendation first noted that the plaintiffs incorrectly subtracted the settlement payments from the total delinquencies set forth in their 2022 audit report and in their delinquency and omissions schedule, which also affected the plaintiffs' interest and liquidated damages calculations on those sums.  *Argila v. Mach Grp. Inc.*, No. 22-cr-4374 (KAM) (MMH), 2024 WL 1007012, at *8–9 (E.D.N.Y. Mar. 8, 2024).  The Report and Recommendation further noted that the plaintiffs failed to support their use of a 92% multiplier to determine the amount of unpaid contributions.  *Id.*  Similar errors (and the same unexplained 92% multiplier) appeared in the

2

plaintiff's calculations regarding unpaid dues and assessments, which similarly affected the interest and liquidated damages calculations on those sums. *Id.* at *9.

The plaintiffs have submitted a supplemental declaration providing additional clarity regarding their calculations and revising them in part. (ECF No. 44, Suppl. Decl. Supp. Pls.' Mot. Default J ("Suppl. Decl.").) First, the plaintiffs corrected a calculation error regarding one of the settlement payments by another contractor. (*Id.* ¶ 7.) Second, the plaintiffs clarified that the ratio they used to determine the amount of unpaid contributions from ERISA and non-ERISA contributions derives from the funds' respective shares of the total benefit package, as set forth in the funds' rate sheet. (*Id.* ¶ 6; *see* ECF No. 37-7 (rate sheet).) Third, the plaintiffs explained the various delinquencies by category and revised the interest calculations on those payments accordingly. (Suppl. Decl. ¶¶ 8-9.) After reviewing the plaintiffs' explanations and revised damages spreadsheets, the Court finds that the plaintiffs now have proven their damages with reasonable certainty. Thus, the plaintiffs' motion for a default judgment is granted in part and denied in part.

With respect to unpaid contributions for March 1, 2017, through June 30, 2021, the plaintiffs are entitled to a principal balance of $27,108.81, interest of $136,376.02, and

3

additional interest of $134,899.87.  With respect to unpaid dues and assessments for March 1, 2017, through June 30, 2021, the plaintiffs are entitled to a principal balance of $1,955.13 plus interest of $9,712.56.  With respect to unpaid contributions from July 1, 2021, through October 27, 2022, the plaintiffs are entitled to a principal balance of $82,027.81, interest of $23,154.14, and liquidated damages of $28,237.85.  With respect to unpaid dues and assessments from July 1, 2021, through October 27, 2022, the plaintiffs are entitled to a principal balance of $5,921.44 plus interest of $1,518.46.  The plaintiffs are further entitled to audit costs of $16,975.00, litigation costs of $1,660.25, attorney fees of $41,665.20, and post-judgment interest at the federal statutory rate.

The Clerk of Court is respectfully requested to enter a default judgment in favor of the plaintiffs and against Mach Group, Inc., in the amount of **$511,212.54** (comprising $117,013.19 in unpaid sums, $305,661.05 in interest, $28,237.85 in liquidated damages, $41,665.20 in attorney fees, $1,660.25 in litigation costs, and $16,975.00 in audit costs) and to close this case.  The plaintiffs are ordered to serve a copy of this Memorandum and Order and the Judgment on Mach Group, Inc., and to file a declaration of service within two days after the Clerk of Court enters the Judgment.

**So ordered.**

Dated:      June 3, 2024
            Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York